Myers, J.,
 

 dissenting. The importance of the question requires a statement of reasons for disagreement with the majority opinion. A corporation being an artificial entity, its creation and dissolution are necessarily controlled by statutes. Persons acquiring stock in a corporation are charged with notice not only of the charter and by-laws of the corporation but of all statutes governing the corporation including dissolution or sale of the entire property thereof. That being true, the statutes on the particular subject involved become a part of the contract of subscription. The statute in question was enacted primarily for the protection of minority stockholders in the event of sale of the entire property of the corporation. It was enacted in order to prevent abuses that formerly attached to such operations.
 

 It is claimed that part of the statute creating a presumption of value is unconstitutional, that under the
 
 *438
 
 facts of the instant case it is a taking of property without due process of law. In order to determine whether there has been due process of law the entire corporate structure must be examined. In the first place stockholders join in the selection of the board of directors which transacts the business of the corporation. Such board thus elected may through unwise management endanger the entire assets of the corporation and yet no one would make the claim that sustaining such loss would be without due process of law. Thus also in respect to the sale of the entire property of a corporation the statutes provide that action must first be taken by the board of directors but no one makes the claim that such action is not due process of law. The next step is submission of the question to all of the stockholders. The result is again controlled by the stockholders. No one claims that such action is the taking of property without due process of law. It is only near the end of the process of sale of the entire property in the instant proceeding that the claim of unconstitutionality is raised.
 

 When the majority stockholders voted upon the question of the sale of the property of the corporation they were charged with notice of the provisions of the statute. They set in operation the statute here involved. In doing so, they take the statute not only with its benefits but also with its infirmities, if any there be. It is not unlike the first step of a contract. Especially so since under Section 8623-72, G-eneral Code, a dissenting stockholder may not, without consent of the corporation, withdraw his demand for payment “of such fair cash value,” once it is made. If in the light of later events he has demanded too little, he is bound by the procedure even as is the majority. In the instant case a procedure was outlined by the board of directors which the majority stockholders could authorize or not as they saw fit. If the majority stockholders are of the opinion that the procedure is
 
 *439
 
 inequitable they have only themselves to blame if they set the machinery in motion. One may not voluntarily initiate a procedure outlined in a statute and thereafter ask to be relieved from the effects of its opération on the claim of the statute’s invalidity. Here the dissenting stockholders were not responsible for .the situation in which the majority found themselves. Furthermore, the property having been sold, the majority are not in a position to place the dissenting stockholders in
 
 statu quo.
 

 The' claim is made that under a presumption created by statute property is taken without due process of law. But the presumption becomes operative only upon action by the board of directors ratified by a majority of stockholders. There are many presumptions in the common law that under certain circumstances operate to the advantage of one party or another. That being true can it be said that presumptions to operate under other circumstances may not be created by statute? Indeed, it is universally recognized in our system of jurisprudence that every reasonable presumption will be indulged that a statute is constitutional and that no law will be held invalid unless it clearly contravenes the provisions of the Constitution.
 

 To hold the questioned part of the statute unconstitutional would be to render inoperative and futile the very purpose of the entire statute which was to protect minority stockholders. To hold this, part of the statute unconstitutional would be to restore the very abuses by the majority which the statute was intended to prevent.